IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3072 |
| | ) | |
| THREE HUNDRED THIRTY-EIGHT THOUSAND FOUR HUNDRED NINETY-TWO DOLLARS ($338,492.00) IN UNITED STATES CURRENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO DISMISS**

Before the Court is Claimant Elizabeth Keys' ("Keys") January 17, 2012 Motion to Dismiss. (See Motion, ECF No. 6; see also Claimant's Mem., ECF No. 6-6.) Plaintiff the United States of America (the Government") responded on February 16, 2012. (See Pl.'s Resp., ECF No. 9.) Keys seeks dismissal of the Government's forfeiture action against her 2006 BMW 650ci (the "BMW") as insufficiently pled. For the following reasons, Keys' Motion is DENIED.

**I. Background**

On December 9, 2011, the Government instituted forfeiture proceedings under 21 U.S.C. § 881(a)(6), which allows the Government to seize property traceable to the exchange of a

1

controlled substance in violation of 21 U.S.C. §§ 801, et seq. (See Am. Verified Compl., ECF No. 3) (the "Complaint.") The Government seeks forfeiture of money, vehicles, and electronic equipment seized during the July 21, 2011 arrest of Vernon Taylor ("Taylor") in Collierville, Tennessee. Taylor is charged, along with fourteen others, with conspiracy to distribute at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846. (See Ex. C ¶ 4, ECF No. 1-3.)[1]

After Taylor's arrest, DEA Task Force officers allegedly conducted a consensual search of Keys' Mississippi residence. (See Ex. C, ECF No. 1-3.) Under questioning from Task Force Officer Hoing, Keys allegedly stated that she owned three vehicles: a 2002 Volkswagen; a 2008 Mercedes Benz SUV; and the BMW. The BMW was at Smith Imports, a mechanics shop, during the search and investigation. (Id. ¶ 15.) According to the Government, Keys denied that Taylor had bought or provided the money for her to purchase the BMW. (Id.) Keys allegedly claimed to have "pa[id] her own way." (Id.) The Government alleges that, following the interview, DEA task force officers seized the BMW from Smith Imports. (Id.)

The Government avers that bank records and a receipt from Smith Imports refute Keys' claim that she purchased the BMW with

---

[1] Exhibit C is attached to the original Complaint. (See ECF No. 1-3.) The Amended Verified Complaint incorporates Exhibit C by reference. (Am. Verified Compl. 3.)

2

her own money. Records from Smith Imports, where the BMW was purchased, allegedly show that Keys paid $30,000.00 of the $34,500.00 purchase price by trading in a 2006 Mercedes Benz SL500 (the "Mercedes SL500"). The Government alleges that Taylor bought the Mercedes SL500 for Keys. (Id. ¶ 16.) Taylor's bank records allegedly confirm that he paid for the Mercedes SL500. (Id.) Taylor also allegedly admitted in a recorded telephone conversation that he gave Keys money to purchase the BMW. (Id. ¶ 17.) The Government avers that Keys purchased the Mercedes with money from Taylor's participation in the drug conspiracy. (Id. ¶¶ 16-17.)

Surveillance conducted by the DEA on Taylor allegedly shows that he gave cash to Keys on "various occasions." (Id. ¶ 17.) The Government avers that cash deposits in Keys' bank accounts exceed "what would be expected from her claimed occupation as a hairdresser." (Id.)

## II. Standard of Review

Under the Comprehensive Drug Abuse Prevention and Control Act, the Government may initiate forfeiture proceedings against all "money, negotiable instruments, securities and other things of value furnished or intended to be furnished by a person in exchange for a controlled substance," including "all proceeds traceable to such exchange." 21 U.S.C. § 881(a)(6). Actions brought in civil forfeiture are "the servants of two procedural

3

masters: the Supplemental Rules specially devised for admiralty and in rem proceedings, and the generally applicable Federal Rules of Civil Procedure []." United States v. $8,221,877.16 in United States Currency, 330 F.3d 141, 149 (3d Cir. 2003). Of these "two procedural masters," the Supplemental Rules govern the filing of a civil forfeiture complaint. See 18 U.S.C. § 983 (directing the Government to "file a complaint for forfeiture in the manner set forth in the Supplemental Rules"); see also $8,221,877.16 in United States Currency, 330 F.3d at 149 ("The balance between the two is struck in favor of the Supplemental Rules, which always apply to civil forfeiture proceedings."). The Federal Rules of Civil Procedure apply when the Supplemental Rules are silent, but "only to the extent that they are not 'inconsistent with' the Supplemental Rules." See $8,221,877.16 in United States Currency, 330 F.3d at 149 (quoting Supp. R. A) ("The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules.").

The pleading requirements in the Supplemental Rules are found in two complementary provisions. Supplemental Rule E(2)(a) provides that forfeiture complaints must "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an

4

investigation of the facts and to frame a responsive pleading." The "particularity" requirement is found in Supplemental Rule G(2)(f), which requires the Government to provide "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") requires the Government to establish, "by a preponderance of the evidence, that the property [taken] is subject to forfeiture." 18 U.S.C. § 983(a)(1). The preponderance of the evidence standard is the Government's burden at trial; when confronted with a motion to dismiss a civil forfeiture complaint, the Government need only plead sufficiently "to support a reasonable belief that the government <u>could demonstrate</u> probable cause for finding the property tainted." <u>United States v. One 1974 Learjet 24D, Serial Number 24D-290, Mexican Registration XA-RMF</u>, 191 F.3d 668, 674 (6th Cir. 1999) (emphasis in original). A plain reading of CAFRA shows that probable cause does not implicate the sufficiency of the evidence in the Government's complaint. "'No complaint may be dismissed on the ground that the Government did not have <u>adequate evidence</u> at the time the complaint was filed to establish the forfeitability of the property.'" <u>United States v. 630 Ardmore Drive</u>, 178 F. Supp. 2d 572, 581 (M.D.N.C. 2001) (emphasis added) (quoting 18 U.S.C. § 983(a)(3)(D)). "[T]he Government's forfeiture claim can advance

5

forward in the face of a 12(b)(6) motion to dismiss even if the Government's complaint does not provide all the facts that would allow the Government to ultimately succeed in the forfeiture proceeding." Id. at 580-81.

**III. Analysis**

Keys moves to dismiss the Government's complaint on two grounds. First, she argues that the Government has failed to plead "and cannot establish that acquisition of the BMW is traceable to any specified unlawful activity." (Claimant's Mem. 4.) Second, she argues that "the BMW cannot constitute proceeds of specified unlawful activity pursuant to Santos and § 981(a)(2)(B)." (Id.)

As a threshold matter, the phrase "specified unlawful activity" does not appear in 21 U.S.C. § 881(a)(6), the statutory provision on which the Government relies. Section 881(a)(6) permits the Government to seize "all proceeds traceable" to an "exchange of a controlled substance." The Government's allegations, if accepted as true, establish that the BMW was purchased with proceeds traceable to controlled substance transactions. Taylor allegedly admitted that he gave Keys the money to purchase the BMW. (See Ex. C ¶ 17.) Bank records allegedly showed that Taylor purchased the Mercedes that Keys traded for the BMW. (Id.) Surveillance footage of Taylor allegedly confirmed that he provided cash to Keys on multiple

6

occasions, and her bank deposits allegedly exceeded amounts expected from her occupation as a hairdresser. (Id.) Taylor's role in the drug conspiracy is alleged in detail. These allegations support the inference that the BMW was "purchased . . . with illegal funds." 630 Ardmore Drive, 178 F. Supp. 2d at 583; see also United States v. $ 335,260.00 in U.S. Currency, 2010 U.S. Dist. LEXIS 33681, at *6-7 (N.D. Ohio Apr. 6, 2010). The Government's allegations are adequate to survive Keys' Motion because "the Government [must] simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation." United States v. Mask of Ka-Nefer-Nefer, No. 4:11CV504 HEA, 2012 U.S. Dist. LEXIS 47012, at *4 (E.D. Mo. Mar. 31, 2012).

Keys argues that the Government's allegations do not show that the BMW constituted proceeds of "specified unlawful activity pursuant to Santos and § 981(a)(2)(B)." (Claimant's Mem. 4.) The Government seeks forfeiture under § 881(a)(6), not § 981(a)(2)(B). Keys' reliance on Santos v. United States, 553 U.S. 507 (2010), is also misplaced. Santos answered the question of whether proceeds under the federal money laundering statute meant net profits or gross receipts. See 553 U.S. at 525-29. The Supreme Court made no mention of the issue in this cause: the Government's pleading burden in civil forfeiture

7

actions to survive a motion to dismiss. Thus, Santos is distinguishable.

**IV. Conclusion**

For the foregoing reasons, Keys' Motion is DENIED.

So ordered this 20th day of August, 2012.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE