```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| **United States of America,** )<br>)<br>)<br>  **Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>**Three Hundred Thirty-Eight** )<br>**Thousand Four Hundred Ninety-** )<br>**Two Dollars ($338,492.00),** )<br>**et al.,** )<br>)<br>  **Defendants.** ) | No. 11-3072 |

**ORDER**

Before the Court is plaintiff United States of America's (the "Government") November 21, 2013 Motion to Strike Claims and Answers and for Entry of an Order of Forfeiture (the "Motion"). (Mot., ECF No. 57.) On December 6, 2013, claimant Elizabeth Keys ("Keys") responded (the "Response"). (Resp., ECF No. 58.) Claimant Vernon Taylor ("Taylor") has not responded and the time to do so has passed. For the following reasons, the Motion is GRANTED.

On February 11, 2013, the Government served Keys and Taylor a set of interrogatories, requests for production of documents, and requests for admission to be answered within 30 days of service. (Mot., ECF No. 57 at 1.) Taylor never responded. (Id.) Keys responded on August 28, 2013, objecting to the majority of the

requests and providing incomplete answers to the others. (Id.) On September 30, 2013, the Government filed a motion to compel discovery of the unanswered and incompletely answered interrogatories and requests for production, and for an order that the unanswered requests for admission be deemed admitted for the purposes of this case. (ECF No. 53.) On October 1, 2013, this Court referred the motion to the Magistrate Judge for determination. (ECF No. 54.) On October 24, 2013, after receiving no response from Keys or Taylor, the Magistrate Judge entered an order granting the motion. (ECF No. 55.) The order gave Keys and Taylor 20 days from the date of entry to respond to the outstanding discovery requests "fully and completely." (Id. at 3.) The order "warned that failure to comply with this order or cooperate in discovery may result in the imposition of sanctions, including monetary sanctions and dismissal of their claims on the seized property." (Id.) Taylor and Keys have not complied with the Magistrate Judge's order and continue to frustrate discovery.

The Federal Rules of Civil Procedure provide that a district court may sanction a party for failure to respond to discovery requests by "striking pleadings in whole or in part" and "rendering default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2). A "failure" to respond includes an incomplete disclosure. Id. at 37(a)(4). Although courts have broad discretion to impose Rule 37 sanctions, an order to enter default judgment should only be made "if noncompliance with discovery

orders is due to willful or bad faith disregard for those orders." United States v. Certain Real Property Located at Route I, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997).  Federal courts commonly strike pleadings and enter default judgment in forfeiture actions in which claimants fail to comply with discovery orders. See, e.g., United States v. 49,0000 Currency, 330 F.3d 371, 377 (5th Cir. 2003).

Here, Taylor and Keys have acted in bad faith in their failure to participate in discovery and failure to comply with the Magistrate Judge's discovery order.  It has been nearly a year since the Government made its discovery requests and both parties have failed to respond.  Taylor has not engaged in the process at all and Keys' participation has been incomplete.  Both have willfully failed to comply with the Magistrate Judge's order to fully respond to the discovery requests, despite the warning that sanctions may follow their continued frustration of discovery.

For the foregoing reasons, the Motion to Strike Claims and Answers and for Entry of an Order of Forfeiture is GRANTED.

So ordered this 5th day of February, 2014.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3